By the Court,

Bronson, J.
If the statute of frauds has any thing to do with this case, the plaintiff cannot recover. The written guaranty neither expresses a consideration, nor can it be inferred from the writing that it was made upon any consideration. (2 R. S. 135, § 2.) But the statute of frauds has nothing to do with the case. That only applies where the person making the promise stands in the relation of a surety for some third person who is the principal debtor. This was not an undertaking by the defendant to pay the debt of Eastman; but it was an agreement to pay his own debt in a particular way. The plaintiff had, upon request, paid a debt of twenty- *180 five dollars which the defendant owed to Sherwood, and had thus made himself a creditor of the defendant to that amount. If the matter had not been otherwise arranged, the plaintiff might have sued the defendant and recovered as for so much money paid for him upon request- But the plaintiff agreed to accept payment in a different way, to wit, by the transfer of Eastman’s note for the wood work of a wagon, with the defendant’s undertaking that the note should be paid. The defendant) instead of promising that he would pay himself, agreed that Eastman should pay. He might do that, whether Eastman was his debtor or not; and the fact that Eastman was a debtor, d.oes not change the character of the defendant’s undertaking, and make it a case of suretyship within the statute of frauds.
If A; promise B., upon a sufficient consideration moving wholly between them, that a stranger will pay a sum of money or do any other act, this is an original undertaking, and not within the statute; and it makes no difference whether the stranger is under an obligation to do the act or not. If A. sell and deliver his horse to B. upon a promise by the latter that C. will pay a hundred dollars, the agreement is just as obligatory as it would have been had B. promised that he would pay the money himself, and in neither case is a writing essential to the validity of the contract. And if in such a case B. deliver A. the note of C. for one hundred dollars, and agree that the note shall be paid at maturity, or that it may be collected by due process of law, it is still an original undertaking, and not within the statute of frauds- But if C. wishes to obtain credit with A., or, being his debtor, desires forbearance, and B. comes in as his surety, there the undertaking of B. is collateral to that of the principal debtor, and the promise must be in writing.
The judgment must be reversed; and, in pursuance of a stipulation contained in the case, judgment must be rendered for the plaintiff, instead of awarding a venire de novo.
Ordered accordingly.